Chris **FOWLER,** Petitioner—Appellee,

v.

**ATTORNEY GENERAL FOR the State of CALIFORNIA; William Sullivan, Warden, Respondents—Appellants.**

No. 07–16096.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2008.

Filed July 24, 2008.

Ann Catherine McClintock, Esq., Assistant Federal Public Defender, FPDCA—Federal Public Defender's Office, Sacramento, CA, for Petitioner–Appellee.

Maria G. Chan, Heather M. Heckler, AGCA—Office of the California Attorney General, Sacramento, CA, for Respondents–Appellants.

Before: SCHROEDER and LEAVY, Circuit Judges, and FAIRBANK *, District Judge.

MEMORANDUM **

The State of California, on behalf of Warden William Sullivan, appeals from the district court's order granting Chris Fowler's petition for a writ of habeas corpus under 28 U.S.C. § 2254. We have jurisdiction under 28 U.S.C. § 2253. We re-

---

* The Honorable Valerie Fairbank, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

view de novo a district court's decision to grant a 28 U.S.C. § 2254 petition, *see Yee v. Duncan,* 463 F.3d 893, 897 (9th Cir. 2006), and we reverse.

The district court erred when it granted the petition and issued the writ on the basis that the California Board of Prison Terms' February 10, 2000, denial of parole violated Fowler's due process rights. *See Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127–29 (9th Cir.2006). In determining the issue before us, we follow our prior decisions, which have held that due process requires that there be some evidence to support the decision to deny parole. *See Sass,* 461 F.3d at 1128–29; *Irons v. Carey,* 505 F.3d 846, 850–51 (9th Cir. 2007).[1] Here, there was some evidence, the 1994 psychological report showing Fowler's continued potential for violence and the failure of subsequent psychological reports fully to evaluate the findings of the 1994 report.

Because the California Board of Prison Terms' February 2000 decision denying Fowler parole is supported by some evidence, the state court's decision rejecting Fowler's due process claim was not contrary to, and did not involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. *See* 28 U.S.C. § 2254(d)(1); *see also Irons,* 505 F.3d at 851.

**REVERSED.**

---

1. Sullivan's argument that clearly established Supreme Court law does not require that there be some evidence is foreclosed by our prior decisions. *See United States v. Gay,* 967 F.2d 322, 327 (9th Cir.1992) ("one three-judge panel of this court cannot reconsider or overrule the decision of a prior panel").

